The Veterans Court erred because Congress intends for 38 U.S.C. Session 1111's language of noted to mean identifying a defect, infirmity, or disorder that is current, when as here a military entrance examination identifies a prior condition as having resolved. That writing's legal effect is not to defeat the very presumption of... Can I just start you from where, what language are you relying on in the statute or in the regulation? 38 U.S.C. Section 1111, where it says that an individual will be accepted into service. Yeah, it says defects, infirmities, or disorders noted. That's right. And you think that means, is that the key to your case here that you think they've misinterpreted it? So how would you interpret this? The defects, infirmities, or disorders noted refers then to a current defect, infirmity, or disorder, or stated differently, a current disability, current medical condition. What is it in the language, I'm sorry, I'm asking the same question, what is it in the language that says current? I mean it says defects noted. It doesn't say current defects noted. So where do you get current from? Looking in part to this court's case law, including in the O'Brien case, where the language of defects was at issue. And O'Brien holding that defects are structural or inherent abnormalities or conditions, which are more or less stationary in nature. Stationary meaning then current, you cannot have a defect without it being there. Otherwise, it would be a disease that resolves over time. And that was in this court's O'Brien case. Disorder, less case law on that. The defect that was noted in this case on the form, the thing that was noted, I'll give you that, just to call it a defect. It was asymptomatic, right? That's your position, so you say because it was asymptomatic that it wasn't current? No, Your Honor. And so when I think of asymptomatic, it's neither saying that, it does not imply that there is a current defect, infirmity, or disorder there, or there is no symptoms. Asymptomatic is very literally no symptoms. And so appendix page 23 exemplifies this. At the bottom right of that page, there is this call out for foot conditions. Foot conditions very common for individuals to enter military service. And you see in this box, it's talking about a normal arch. Pest cavus are stated differently. High arch. Pest planus are stated differently. Flat foot. Low arch. And so you have there, the examiner is going to circle one of those three options here. Normal arch. There is no arch condition. And then to the right of that, there's asymptomatic or symptomatic. And the examiner noting, or circling asymptomatic. So it's very possible that that... One of the concerns I'm having with your argument is this. In this particular case, the thing that we're arguing about as allegedly being a defect or not a defect is that there was a prior shoulder surgery, right? So I think to myself, I'm not a doctor. Maybe sometimes someone having had shoulder surgery before is a defect. And maybe sometimes something that they had before can be completely solved and is not a defect. Why isn't... There's nothing in the language of the statute. It just says defect. So why isn't it something that's more of a question of fact then for a medical provider or somebody else who's doing this study at the beginning, doing the physical evaluation of the person who's entering the service? Why isn't that person, why isn't this a factual question? The statute just says defect. The secretary certainly shares that concern and briefed that concern. Mr. Amaskita's response is that he's not asking this court to play doctor. He's not asking this court to determine whether he entered into service with a current left shoulder condition, but instead to look at the undisputed words on the pages of appendix page 23 to 27, which are the report of entrance examination and his report of medical history where a military doctor did examine him and did provide remarks. And in those remarks, so appendix page 23, again, a good example of something noted. This is within Congress's intent of noted, where one of the items that the military is examining the individual for are marks on the body. And in this case, the examiner said, yes, you had that prior left shoulder surgery. You have a scar from that surgery. You were walking into service with that scar and were noting that. Mr. Amaskita is not here today seeking service connection for that scar from the surgery. He entered into service with that scar, that pre-existent service, that was identified and reported in his examination. And that... Can I ask you, isn't it though, I mean, I see what you're pointing at. I think that's box 44 you're talking about. But isn't the box that we're focusing on, box 77 on page A25? Maybe I'm wrong about that, but that's where it says summary of defects and diagnosis. So there are boxes 73, 77, and then there's also, in both those boxes, there's reference to an ortho consult and the remarks from that. And so looking also at appendix page 26, it's a different form and its response to that. Which box is the box that the VA relied on and that the board relied on? The box that the Veterans Court relied on was box 77, summary of defects and diagnosis is its title. And I understand the Veterans Court to have stopped there. This box refers to summary of defects and diagnoses. And the Veterans Court is then presupposing that if you're talking about summary of defects and diagnoses, they are current defects and diagnoses instead of rather information pertinent to a defect or diagnosis. And here it matters what words then, how the examiner describes the condition that they're reporting on in that box. And so it matters here that the examiner is saying, bankrupt procedure, that it was the left shoulder surgery from October 2002, identifying it from October 2002, cleared by ortho consult, see attached doc, completely asymptomatic, no physical limitations. VA also saying NAD on appendix page 24. So what do you mean, you seem to be focused on the word current, that it has to be current. What does that mean in this context, sort of a prior surgery on a part of your body? It's cured with the surgery, you can go on, but I think all of us who experienced some sort of thing, there's the possibility of further aggravation, whatever. That doesn't mean it doesn't exist or it never existed, or it's perfect. Or it won't suffer aggravation in a way for someone who had never had that problem. A good example, again from case law, and this is a Veterans Court case, Crow versus Brown, C-R-O-W-E in the briefing, talking about childhood asthma. Now certainly a condition, a person who had childhood asthma could then have asthma later in life, but when there is a notation in the examination report where the doctors are saying, had childhood asthma, is not present, the Veterans Court is saying, well that's not noting current asthma, we're saying that is resolved. But isn't there a distinction between something like asthma, childhood asthma, which as you just said, can be resolved, and a surgical repair, which your client had at the time he entered service, that surgical repair was current at the time he entered service. The injury was prior, and he was asymptomatic, but nonetheless, the surgical repair was not resolved. That was a defect that was noted. It was a prior condition that was noted, certainly immediately following that surgery. Well the prior condition was that he was injured and it required surgery, but the condition that was noted was that upon entry of service, he had a surgically repaired shoulder. If that had been the case, where the military entrance examiner was saying there was something current here, then in item 30... You keep using the word current. What's something current? Someone is coming into the military and they're fit to serve the military. Nobody is disputing that. Presumably they don't come in with a back problem or a shoulder problem that hasn't been repaired, and you can't move your shoulder appropriately. That's not the kind of scenario that arises. What has to be current? Pain is the result of the surgery. The surgery can't be current. That's a one-off thing. What has to be current? Some sort of functional limitation, and it might not rise to the level of being functional limitation that would bar the individual from service. They can accept individuals with limited duties or full duties. Where in the statute does it say that? The language of defects, infirmities, or disorders noted, where again, defects we know is structural or inherent, and then that has to be something current. The statute doesn't say that. Does it say current? The regulation, 38 CFR section 3.304B1, contains the Secretary's interpretation of that statute and says that a history of, and I want to make sure I get this right here, so I am going to flip to the language, history of pre-service existence of conditions recorded at the time of examination does not constitute a notation of such conditions, and that's within the context of section 1111. So this is the Secretary adopting into regulations exactly what I am saying here. And I can see where that regulation would address a situation like in Crow with childhood asthma that had been resolved, but the situation before us is different. I find it helpful here for the panel's consideration, Verdon v. Brown. That's the Veterans Court case that the Veterans Court in this case felt constrained by. In Verdon v. Brown, an individual entered the military with hallux valgus. Hallux valgus is the great toe stemming off from the foot at an odd angle. And in that case, in Verdon v. Brown, the military entrance examiner says, hey, I see you have this great toe that is stemming off from the foot at an odd angle. You have hallux valgus, but saying asymptomatic. There's no functional limitation. We are accepting you here. That was a current condition then, hallux valgus, that was asymptomatic in that case versus here, the examiner who is looking at, you know, the doctor who is looking at Mr. Amiskito when entering into service, saying that there is no complaints, completely asymptomatic. Just because some conditions noted as defects may be current doesn't mean, doesn't necessarily exclude everything which is asymptomatic. I mean, yes, but how does that apply to this case? Obviously, in addition to the fact that it's not finding precedent on us. Oh, yes, Your Honor. And so Mr. Amiskito had that surgery to correct his shoulder tear. It was a labral tear. The surgery corrected the labral tear. There was nothing left of the labral tear after surgery except the scar. The scar that was noted on the examination form. I see that in my rebuttal time, Mr. Amiskito would respectfully request that he reserve the remainder of his time. Can I ask you one more question? Where does this take us? If you were correct, and this shouldn't have been noted, and now he has subsequent problems with his shoulder, but there's no, but the doctor says, well, this is an unexpected continuation of surgery he had before that. Don't you end up in the same place? Potentially, but under 38 U.S.C. Section 1111, there's two questions there. Number one, does this presumption of sound condition attach? And that is what Mr. Amiskito is going for through this appeal. That really, that remains- So it's a burden question? It is. At that point, the VA would have to show by clear and unmistakable evidence that it pre-existed and was not aggregated by service, Your Honor. Okay, thank you. Let's hear from the defendants. Good morning. Good morning, and may it please the court. I'd like to start by distinguishing between the factual issues presented by Mr. Amiskito, which are beyond the court's jurisdiction, and the legal issue that was presented to and decided by the Veterans Court, and it's the only genuine legal issue on appeal here. The only legal issue is whether a condition can be both current and asymptomatic to be noted for purposes of Section 1111, the presumption of sound misstatute. That was discussed, for example- Are we talking about the definition of defect? I think that must, that was what the, that's the statutory language. So the question is, is this a defect, infirmity, or disorder? What the board found was this was noted as a defect. Can I just clarify here again? I think you're saying that the legal issue is whether the Veterans Court correctly interpreted defect as including a condition that's current, that's not current, and asymptomatic. Is that what you're saying? Not quite. Here, the facts show that the defect was current and asymptomatic. So maybe I'll start with the facts. What the board found was that there was an asymptomatic defect noted on the entrance examination. The board also found that same defect noted upon entrance progressed naturally throughout service, ultimately culminating in the shoulder, the left shoulder sprain that happened near the end of service. So that's discussed at, for example, page 17 of the appendix. So you're saying it's current, that he had had the surgery, had a labral tear, and then it was repaired, was a current condition. Yes, it was a current and asymptomatic. So where are we on the legal question? Tell me where the legal question ends and the fact begins. Right. So those are all findings of fact. And so the question of law presented to the Veterans Court is, recognizing this is asymptomatic, can that ever qualify as a defect? So I'm looking at page 4. Well, actually, it's page 4 of the Veterans Court decision, appendix page 5. And it's the Veterans Court characterizing the arguments made by Mr. Amaskita. And the statement is, in his view, in Mr. Amaskita's view, a current defect, infirmity, or disorder can't be asymptomatic. So that was the legal question presented. And the court said, yes, it can be asymptomatic. A condition can be both asymptomatic and current. And Mr. Amaskita now concedes that point. For example, at page 2 of the reply brief, Mr. Amaskita states that Mr. Amaskita understands the parties to agree that the presumption of soundness does not apply if the condition is current but asymptomatic at the time of the entrance examination. So the parties do now agree on the only legal issue that was genuinely before the Veterans Court. And what's left now is Mr. Amaskita raising the factual question, arguing that his condition was not genuinely current. But as the board explained... OK, but is there any legal dispute? Does the government say that the statute requires that the defect be current? Yeah, we're not disagreeing that there needs to be a current... So the issue that Mr. Niles was describing of the 3.304B, the presumption still attaches if there's merely a history of a prior condition. But in this case, what we have is an asymptomatic but current condition because the condition was noted as a defect at the entrance exam. And the board examiner, as discussed at page 17 of the appendix, found that the same condition noted progressed naturally during service and culminated in the left shoulder sprain. I mean, this law fact distinction is so hard because part of what you're saying is it's a question of, at least now, forget what might have been said at the briefs. What you're just fighting over is what the definition of current is. His definition of current seems to include something that's not asymptomatic. So isn't it a definitional thing and a legal question as to the meaning of current? If we both agree defect has to be current? I don't think so, Your Honor. And I mean, I don't think it's helpful, really, to get too focused on the word current. I mean, the focus is, was there a defect? Was the defect in existence? And that's a factual question.  At the time, yeah. So current, of course, doesn't appear in the statute. The question is, did the defect exist? And here, clearly, the defect existed. It was recorded at appendix page 25 as a defect. And that same defect progressed naturally during service. So if we distinguish this from the Crow example, where there was a childhood asthma, the childhood asthma that existed only in the past, only historically, that could not have progressed naturally during service because it didn't exist at the time that service started. So in this case, by contrast, we have a defect noted at the entrance examination. And it progressed naturally during service and culminated in the shoulder sprain that Mr. Amaskita is pointing to as the beginning of his current shoulder condition. Can I ask you a question? I was a little surprised when I heard the emphasis on current today. I thought that the dispute was, you know, from Mr. Amaskita's point of view, was whether a resolved defect could be a defect, right? And I think that at the Veterans Court, it was whether an asymptomatic defect could be a defect. That's the way I was understanding it. Do you see a difference between whether something's resolved and whether it's asymptomatic? And do you think that that's what was raised in the blue brief? That is the asymptomatic argument. I think there is a difference. Okay. I mean, the resolved issue, I think... The resolved question, I think, is what was raised in the blue brief. And then in the reply brief, I think we see more of a bit of a change of conceding that an asymptomatic condition can be current. So I think there's been some changes in terminology. But the only thing... Did the resolved and asymptomatic mean the same thing at all? Okay. Yeah. No. And that's the factual... That gets into the factual question. The only thing straightforwardly presented here on the facts is this... There's no dispute. This was asymptomatic. So when an appellant comes in, they can make legal arguments based on the facts found by the board. But what they can't do is argue for a deviation in the facts that were found. So here, the facts are, this was an asymptomatic condition that progressed naturally throughout service. So based on that, we know it was present at the beginning of service. It progressed naturally throughout. So those are the facts that we're dealing with. Those can't be disrupted. The question of whether something is then current, whether it's resolved, those don't appear in the board findings. So those factual questions cannot be the basis of a legal ruling by this court. The court doesn't have jurisdiction to decide them. Well, maybe. I mean, maybe, if he appropriately had raised it before the board or the CABC, and they just chose not to speak of it, that doesn't preclude our reviewing that issue on appeal, right? Yeah. If there was a concern that the board didn't address something that it had to address, maybe a reason. So that would be a different situation. That's not what's presented here. The only issue, and I think the Veterans Court does a good job describing the issue at page 5 of the appendix, and describing the legal issue presented, can something be asymptomatic and current? And that is now conceded in the reply. Now, can I ask you, my understanding is that parties can't concede legal points. I hear that you're saying they agree, but they can't concede that. They can't. Law is not something parties can concede. The court still gets to address that. I'm not saying that the court necessarily got that wrong, but I just want to point that out. You agree with me on that, don't you? Yes, yes. It's still, even if he concedes it, it's still something the court has jurisdiction, the legal issue is still something the court has jurisdiction to decide. But I think it is important that he no longer is arguing that just because a condition is asymptomatic, that it necessarily cannot qualify for purposes of being a defect, infirmity, or disorder, for purposes of the presumption of soundness. And the last point I'd like to make, unless there's any further questions, is just a distinction between some of the case law discussing the congenital or developmental defect in section 3.303C. Some of the cases involve that, including O'Brien and Terry, and that's a specific phraseology that doesn't apply in interpreting defects, infirmities, and conditions. In 1111, the presumption of soundness statute, for that issue, the best case to look to is the Wagner case, which characterizes defects, infirmities, and disorders as simply meaning conditions. Now, Mr. Amaskita relied specifically on 3.304B1 in the first sentence of that. What is your response to that sentence he quoted about the history of pre-service conditions, and what impact does that have on this case at all? It doesn't apply here because, factually, this case doesn't involve a condition that was merely a history of pre-service conditions. So I agree with Mr. Amaskita's counsel that a good example of that is the Crow case. That was a Veterans Court case where that court does have jurisdiction to consider clear error of fact and factual questions. So that really presents a factual question. Is something purely history? In this case, we have factual findings. The defect was present at entrance. I thought maybe he was trying to rely on this sentence to try to show, to support his interpretation of the statute. And so do you think this sentence in any way supports his interpretation of the statute? I think it does not support his interpretation regarding asymptomatic because that would have a very odd result where even if something is, like in this case, even if something, the same condition is current and asymptomatic upon entrance, but under Mr. Amaskita's reading, that could not, the presumption of soundness would still apply. And yet the same condition that has progressed naturally, even if still asymptomatic, could still be a disability because a disability can be service-connected even if it's asymptomatic. And we cite a few cases like that. That's the early case in the Veterans Court is an example of that. A patient comes in and they've had surgery on an injury and they have every doctor cooperating on their discharge papers. This has been cured by the surgery. It's back to new, just as if it had never happened. And we have no expectation that it's going to cause further problems in the future. Would that be a current defect? And that would be a factual question. And I think if that, so in the hypothetical in which there was a prior medical operation and it was completely like new, there was no expected progression. There was no current issue defect at all. In that case, it would be impossible for an examiner to also find that that non-existent condition progressed naturally throughout service and resulted in a disability because it would not exist. So in that scenario, it's a factual question for medical providers. Is there a defect? In that scenario, is it your position that that wouldn't be noted in box 77? Right. If there is no defect, then it shouldn't be noted in the defect section. And that was true in the Crow case where there was the childhood asthma example. That childhood asthma was not mentioned in the defect section. It was mentioned in a history section of prior issues. So for those reasons, we would ask the court to dismiss in part the factual arguments raised by Mr. Amespita and otherwise to affirm the veteran's support. Can I just, what if you get an ailment and it's an indication you're told, okay, we've resolved this, but we note that there's a, in your genetics, there's a predisposition to a susceptibility to infection or whatever. Is that the kind of thing that would be a defect? That. So I think, so if I understand that hypothetical, there's, you experienced some illness or injury. And that's been recovered. But you've been diagnosed as having a kind of preexisting susceptibility. Right. So, you know, in that scenario, again, there's the medical element and I won't get into the medical piece. I know we all, I can't get over wanting to go to medicine. Right. So the link that you've identified there between the injury and then also maybe a congenital or developmental element could lead to a question about application of 3.303C, because that specifically involves congenital or developmental defects. And there's been a lot of ink spilled about the meaning of that versus, because it specifically is mutually exclusive with the meaning of a disability. So there's been questions of, is something a congenital or developmental defect or congenital or developmental illness or disease? So I think that would lead in that direction. It would be a factual question based on that. But that certainly is not what we have here, where it was a defect noted and it progressed naturally throughout service. Could I just ask one more thing? Because you're much more expert on these cases than me. It seems to me that in some certain circumstances, it may be advantageous to the veteran to have something noted to the, well, he's not a veteran then, in the defect section, because it would seem, and then that's the hook for aggravation, which may be easier in some circumstances to establish than service connection, direct service connection. Yeah. And certainly in this case, the question, the factual question before the board was, was there an aggravation, was there aggravation shown? And under section 1153, aggravation is presumed unless there's a finding that the condition progressed naturally. So in this case, it did progress naturally, but I take your Honor's point that that presumption would then still apply as to aggravation. Thank you. Thank you. Thank you, Your Honors. Just briefly, I believe that, I keep hearing references, question of fact versus question of law. And I believe that the Secretary's position results from presupposing at some level what the Secretary sets out to prove, where the Secretary says, because there is something said in the military entrance examination, that must be noting a defect. And that leads to this bizarre twilight zone, right, where if the entrance examiner had remained silent, right, Mr. Amiskita reported this history of left shoulder condition, history of left shoulder surgery to correct it, and now we're expecting an examiner to say nothing about that at all, that's not what the military does when it's receiving these reports of prior conditions. It's instead examining the individual who wants to serve in our military to see what if any limitations are and can they be accepted into service. And so, of course, the examiner is going to say something about it. And here, the question is not whether Mr. Amiskita entered service with a current defect, but instead looking at the words that the military examiner wrote, appendix page 23 to 27. Does that then fit within Congress's intent in section 1111 to constitute noting a defect? Judge Prost, you asked a question about a genetic predisposition being noted as a defect. I believe you have anticipated what is going to be a very interesting issue over the next decades of Veterans Law, it's the Veterans Advocates Bar, the position that no, a genetic predisposition remains a mere predisposition unless triggered by an in-service event. If triggered by an in-service event, it's the in-service event that causes what then the disability is that develops later. But that, again, is probably getting ahead of ourselves over the next decade of practice. I'd be pleased to address any additional questions that the panel has. I have one question, which is I heard the VA lawyer say that the Veterans Court found that the defect, when it was noted, was current. And I want to know what your view is on that. My understanding is that that was a reference to a passage in the Veterans Court decision where the Veterans Court judge was asking, hey, what more would you want here in terms of noting a disability than in this item 77, the summary of defects and diagnoses describing a condition? And what I would want is for those words to say that there is a current condition as opposed to what happens here where the military entrance examiner says, you know, recognize the October 2002 surgery and says, cleared by orthoconsult, see attached documents, completely asymptomatic, no physical limitations. And then that orthoconsult note saying, OK, since that surgery, no complaints, full ROA, which means rigid ritual. What I hear you doing is challenging a potential finding. I want to know if you think the court found it. I'm looking at the opinion, like, for example, at page A5, when it identifies what the legal issue is, it says current defect. To the extent that the Veterans Court afforded to make a finding, it was pursuant to a misinterpretation of the statutory language of defects noted. And because it is pursuant to a misinterpretation of the statutory language, it warrants being set aside and the case remanded for additional Veterans Court proceedings. Thank you. We thank both sides. The case is submitted.